UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-45-GFVT-MAS

UNITED STATES OF AMERICA                                             PLAINTIFF

V.                              **PLEA AGREEMENT**

RICKY D. HELTON                                                      DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 5 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of methamphetamine (actual). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 through 4.

2. The essential elements of Count 5 are:

    (a) First, the Defendant knowingly or intentionally possessed 50 grams or more of methamphetamine (actual).

    (b) Second, the Defendant intended to distribute the methamphetamine (actual).

3. As to Count 5, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

    (a) On October 24, 2024, the Defendant met an individual in Lexington, KY, to purchase methamphetamine. When law enforcement officers approached the Defendant's vehicle, approximately one pound of methamphetamine was

located inside, which was tested by the DEA laboratory as 66% pure, for an amount of methamphetamine (actual) of 295.8 grams. Methamphetamine is a Schedule II controlled substance. The Defendants admits that he knowingly possessed this amount of methamphetamine (actual) and intended to distribute it. This occurred in Fayette County, in the Eastern District of Kentucky.

(b) The Defendant's relevant conduct includes four controlled purchases of methamphetamine that occurred on August 20, 2024, July 31, 2024, July 3, 2024, and June 21, 2024, in a detached garage space on the Defendant's property, in Scott County, in the Eastern District of Kentucky. On June 21, 2024, the Defendant sold a CI approximately 20.063 grams of a mixture containing methamphetamine. On July 3, 2024, the Defendant sold a CI approximately 54.825 grams of a mixture containing methamphetamine. On July 31, 2024, the Defendant sold a CI approximately 224.1 grams of a mixture containing methamphetamine. On August 20, 2024, the Defendant sold a CI approximately one pound (446.41 grams) of methamphetamine, which was tested by the DEA lab as 96% pure, for an amount of methamphetamine (actual) of 428.55 grams.

(c) The Defendant admits that he has previously been convicted of a serious drug felony, attempt to manufacture methamphetamine, in the United States District Court for the Eastern District of Kentucky, case number 5:05-CR-44-KSF, in 2005, for which he served more than 12 months imprisonment. He was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense. This conviction was final prior to the commission of the felony offense to which he is pleading guilty.

4. The statutory punishment for Count 5 is imprisonment for not less than 15 years and not more than life, a fine of not more than $20,000,000, and a term of supervised release of not less than 10 years. A mandatory special assessment of $100 applies, which the Defendant will pay to the U.S. District Court Clerk at the time of the entry of the plea. The Defendant has a prior final serious drug felony as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, R. 18, and therefore the Defendant is subject to the above enhanced statutory punishment.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court:

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2024, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and all provided discovery materials.

    (c) Pursuant to U.S.S.G. § 2D1.1(a)(5) & (c)(3), the base offense level is 34 because the Defendant is responsible for approximately 15,100.976 KG of converted drug weight.

    (d) The United States anticipates seeking a 2-level enhancement under U.S.S.G. § 2D1.1(b)(12). The Defendant reserves the right to contest this.

    (e) The United States anticipates arguing, per U.S.S.G. § 4B1.1, that the Defendant qualifies as a career offender. The Defendant reserves the right to contest this.

    (f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing

with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

10. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

11. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

12. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

13. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 11/12/25          By: *[signature]*
                            James T. Chapman
                            Assistant United States Attorney

Date: 11/10/25          *[signature]*
                            Ricky D. Helton
                            Defendant

Date: 11/10/25          *[signature]*
                            Patrick F. Nash
                            Attorney for Defendant